[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for a dissolution of marriage and other relief brought to the judicial district of Danbury. The plaintiff, whose maiden name is Peggy DeCooke, and the defendant were married on April 8, 1988 in Fairfield, Virginia. The plaintiff has resided continuously in the state of Connecticut for at least twelve months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospect of reconcilation. There are two minor children born issue of the parties' marriage: Krista Nicholson, date of birth 5/04/96; and Patrick Nicholson, date of birth 11/03/97. No other minor children have been born to the plaintiff since the date of the marriage of the parties. Neither party has received state or local assistance.
This court has considered the provisions of Connecticut General Statutes § 46b-82 regarding the issue of alimony; the provisions of § 46b-81 (c) regarding the issue of property division; the provisions of § 46b-62 regarding the issue of attorney's fees; the provisions of §§ 46b-56 and 46b-56 (a) regarding the issues of custody and visitation; the provisions of § 46b-84 and the child support guidelines regarding the issue of support. The court enters the following orders:
ORDERS
A. BY WAY OF DISSOLUTION
1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. BY WAY OF ALIMONY
1. Neither party is awarded alimony. CT Page 925
C. BY WAY OF CUSTODY, VISITATION AND SUPPORT
1. The parties shall share joint custody of the minor children, and the minor children shall primarily reside with the plaintiff. The defendant shall have reasonable, liberal and flexible rights of access with the children including, but not limited to, every six weeks Saturday, 10 a.m. to 6 p. m., and Sunday, 10 a.m. to 6 p. m. The visitation may be expanded by agreement of the parties. All visitation shall take place in the state of Connecticut, unless otherwise agreed to by the parties or further court order. The defendant shall not remove the children from the state of Connecticut without the plaintiff's consent or further court order. In the event the defendant is in the state of Connecticut more frequently than every six (6) weeks and upon forty-eight (48) hours notice to the plaintiff, the defendant shall be entitled to additional visitation with the children.
Both parties shall make available to the other all information pertaining to the children's health, education, welfare and whereabouts while in the other party's custody.
2. Based upon a review of the parties' current financial affidavits and consistent with the child support guidelines, the defendant shall pay to the plaintiff the sum of $160 per week as child support. Additionally, the defendant shall be responsible for 30 percent of the children's unreimbursed medical expenses, including medical, dental, optical, psychiatric, psychological, and orthodontic or orthodontia expenses. Further, the defendant shall be responsible for 30 percent of any work related unreimbursed daycare expenses. The defendant shall pay his portion of such expenses within fifteen (15) days of his receipt of the claim by the plaintiff.
3. The plaintiff shall be responsible to provide medical insurance for the benefit of the minor children as the same is available through her place of employment at a reasonable expense. In the event the same is not available to the plaintiff through her employer at reasonable expense, the defendant shall be responsible to provide medical insurance for the benefit of the minor children as the same is available through his place of employment at a reasonable expense. In the event that no such insurance coverage is available to either party, then the parties shall procure a reasonable policy of insurance for the benefit of the minor children, splitting said expense 70 percent to the plaintiff and 30 percent to the defendant. The provisions as to the maintenance of health insurance are subject to and are in accordance with Connecticut General Statutes § 46b-84d. CT Page 926
4. The plaintiff shall maintain unencumbered life insurance on her life in the amount of $250,000 naming the minor children as equal beneficiaries until the children complete high school or attain the age of 19, whichever event first occurs. The defendant shall maintain unencumbered life insurance on his life in the amount of $75,000 naming the minor children as equal beneficiaries for so long as he has an obligation to pay support for each such child. The parties shall furnish to each other upon reasonable request, but no more than once annually, proof that they are insured in the specified amount and that the beneficiary is as required herein.
D. AS TO THE MARITAL RESIDENCE
1. The parties jointly own real property located at 89 Carol Street, Danbury, Connecticut 06810. The husband shall transfer all his right, title and interest in that property to the wife by quitclaim deed within thirty (30) days after the date this decision is filed. Immediately upon the plaintiff's receipt of the quitclaim deed from the defendant, the plaintiff is to execute and deliver to the defendant a promissory note and mortgage deed in favor of the defendant in the amount of $38,500. The promissory note is due and payable, with 2 percent simple interest, on the earliest of the following events: (a) the death of the plaintiff; (b) the death of the defendant; (c) remarriage or cohabitation by plaintiff; (d) sale or refinance of the subject property; (e) the property is no longer the children's primary residence; or (f) ten years from the date of dissolution. The plaintiff shall assume the existing mortgage and hold the defendant harmless and indemnify. Further, the wife shall be responsible for all costs associated with the residence and hold the defendant harmless therefrom.
E. AS TO AUTOMOBILES AND PERSONAL PROPERTY
1. The 1997 Plymouth Grand Voyager shown on the plaintiff's financial affidavit is awarded to the plaintiff.
2. There was no evidence or testimony provided during the time of trial regarding claims for items of personal property. The parties shall agree on a mutual division of the personal property. In the event the parties cannot agree on said division, the parties are directed to submit the matter to an independent mediator. In the event mediation fails, the disputed items shall be sold and the net proceeds divided fifty-fifty (50%/50%).
F. AS TO REMAINING MISCELLANEOUS ASSETS
CT Page 927
1. The plaintiff shall retain the two Union Savings Bank accounts as listed on her financial affidavit with an approximate value of $5,780.
2. The defendant shall retain the Associated Bank checking account with the approximate value of $600.
3. The TIAA-CREF retirement account is awarded to the plaintiff.
G. BY WAY OF ATTORNEY'S FEES
1. No attorney's fees are awarded in favor of either party.
H. PENDENTE LITE ORDERS
1. All pendente lite orders remain in effect until the date this decision is filed. Any arrearages are not merged into the judgment and survive the judgment. In the event that the parties are unable to agree as to the amount of any such arrearages, if any, and how they are to be repaid, then they will have to file a short calendar motion for that purpose.
I. MISCELLANEOUS ORDERS
1. Counsel for the plaintiff is to prepare the judgment file within thirty (30) days.
2. The parties are to exchange copies of their federal and state income tax returns by registered mail, return receipt, within fifteen (15) days after such returns have been filed for so long as there is an outstanding support order or any outstanding arrearage from any such order.
3. The plaintiff shall be entitled to claim the younger minor child as a dependent, and the defendant shall be entitled to claim the older minor child as a dependent for all tax reporting purposes. At the point in time when only one child can be claimed, the parties will alternate years with the plaintiff receiving odd numbered years and the defendant receiving even numbered years.
4. The defendant shall be entitled to claim the minor child as a dependent only if he has paid in full his child support obligations for the tax year he is entitled to claim the minor child. Each party shall execute whatever documentation is necessary to facilitate this clause with the appropriate taxing authority.
5. An immediate wage execution is authorized for the support payments. Those payments are to be made on a weekly basis.
 ___________________ Bozzuto, J. CT Page 928
[EDITORS' NOTE: This page is blank.] CT Page 929